IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TITO E. MARRERO, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-2010-N-BK |
| | § | |
| DALLAS MUNICIPALITY, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Plaintiff paid the filing fee but process has not been issued or served. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** *sua sponte*.

**I. BACKGROUND**

On August 7, 2024, Plaintiff Tito Marrero, a *pro se* litigant, filed a pleading titled *Federal Tort Act, Federal Civil Rights, and Racketeering Money Laundering Complaint* naming 12 defendants: the Dallas Municipality, Mayor Johnson, Dallas City Attorney Christopher Case, the Dallas U.S. Attorney Leigha Simonton, the Dallas FBI Chad Yarbrough, Bankruptcy Judge Michelle Larson, Attorney Kevin Wiley, Bank of America Attorney Mathew Durham, Indianapolis Federal District Judge Jane Magnus Stinson, and City Wide Development Corporation, its board, and its realtor Sharon Middlebrooks. Doc. 3 at 1-2. Along with his complaint, Marrero filed a motion to proceed *in forma pauperis*, which remains pending. Doc. 4.

Marrero's complaint is incoherent and nonsensical. Doc. 3. Marrero alleges *in toto*:

> Plaintiff, Tito E. Marrero, files this last case to the U.S. District Court in Dallas to bring the needed mandatory relief for corrupt activity, or Tito will be forced to kill Attorney Kevin Wiley and Mathew Durham "on record ." The fraudulent officers of Israeli courts, not American courts, have been allowed to threaten to kill Plaintiff Tito, and dis so extort Tito. These criminals did use force and illegal coercion to make me sign documents in Dallas Bankruptcy without my knowledge to aid and abet racketeering and money laundering. The attached complaint below is being sworn under penalty of perjury, and there are audio recordings to prove Tito's allegations. There is both prima facie and direct evidence which will illustrate a criminal conspiracy supervised and managed by this Dallas U.S. Attorneys Office, the Dallas FBI and Dallas Bankruptcy Court Division. The Dallas city police are useless and infested with Jewish Israeli agents not open to take Plaintiff Tito E. Marrero truthful statements. Plaintiff Tito alleges that these named individuals and federal, state, and Dallas city offices cannot defendant themselves against this complaint.

Doc. 3 at 2-3 (errors in original). *See also* Mem., Doc. 3 at 3-6 (making similar nonsensical allegations).

Upon review, Marrero fails to present a cognizable federal claim and his factual contentions are both delusional and deficient. Thus, this action should be *sua sponte* dismissed for failure to state a claim.

**II. ANALYSIS**

Although Marrero paid the filing fee, the Court may exercise its "inherent authority . . . to dismiss a complaint on its own motion . . . 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). "The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted). "'[F]airness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing sua sponte with prejudice." *Id.* (quoting *Carroll*, 470 F.3d at 1177).

These findings, conclusions, and recommendation (the FCR) provide Marrero the requisite notice, and the 14-day period to object to the FCR (explained in more detail below) will allow him an opportunity to respond.  *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (concluding magistrate judge's recommendation provides both notice and a reasonable opportunity to respond to dispositive issue that the court raises sua sponte); *Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018), *R. & R. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (affirming sua sponte dismissal with prejudice under Rule 12(b)(6) based on magistrate judge's recommendation).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Marrero has failed to state a viable legal claim or anything that can be construed as such.  His allegations do not rise to the level of "threadbare recitals" of the elements of a cause of action.  Further, as illustrated above, his factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim.

Marrero has therefore failed to state a claim for relief and his complaint should be dismissed *sua sponte*.  See Fed. R. Civ. P. 12(b)(6).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed here, Marrero has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Marrero could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Marrero's complaint should be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).

**SO RECOMMENDED** on September 16, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).